ACCEPTED
12-15-00224-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/2/2015 12:00:00 AM
Pam Estes
CLERK

No oral argument requested

CASE NO. 12-15-00224-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

10/31/2015 3:33:19 PM

PAM ESTES
Clerk

_____

FREDRICK HARRIS STRALOW, Appellant
vs.
THE STATE OF TEXAS, Appellee

_____

On Appeal from the
County Court at Law No. 2
Henderson County, Texas

(Trial Court Case Number: 2014-0626CL2)

Honorable Nancy Adams Perryman, Judge Presiding

---

AMENDED BRIEF OF APPELLANT

---

Linda A. Altier
Altier Law Offices
1527 E. Fifth St.
Tyler, Texas   75701
Tel: 903-595-4232
Fax: 903-595-0031
e-mail: altierlaw@gmail.com
State Bar of Texas No.: 00783541

Attorney for Appellant, Fredrick Harris Stralow

---

# IDENTITIES OF PARTIES AND COUNSEL

State of Texas, Appellee
Prosecutor in Trial Court

Mr. Fredrick Harris Stralow, Appellant
Defendant in Trial Court

TRIAL COURT COUNSEL

Mr. Bill C. Stephens, Attorney for Defendant
433 North Gun Barrel Lane
Gun Barrel, Texas 75156-3731

Mr. Barry Lee Spencer, Jr., Attorney for State
100 E. Tyler St., Room 100
Athens, Texas 75751

Mr. Daniel Barnes, Attorney for State
100 E. Tyler St., Room 100
Athens, Texas 75751


APPELLATE COUNSEL

Ms. Linda Altier, Attorney for Appellant
1527 E. Fifth St.
Tyler, Texas 75701

Mr. Barry Lee Spencer, Attorney for State
100 E. Tyler St., Room 100
Athens, Texas   75751

i

# TABLE OF CONTENTS

Identity of Parties and Counsel ………………………………………………i

Index of Authorities …………………………………………………iii

Statement of the Case ……………………………………………..2

Statement of the Jurisdiction . . . . . . . . . . . . .. . . . . . . . . . . . . . . . . . . . .. . . . . 2

Issues Presented ……………………………………………3

POINT OF ERROR:

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO REJECT APPELLANT'S SELF-DEFENSE PLEA AND SUPPORT THE JURY'S FINDING OF GUILT.

Statement of Facts ……………………………………………3

Point of Error Restated….. ……………………..………………3

Summary of the Argument …………………………………………..3

Argument and Authority ..……………………………………….4

Certificate of Service.…………………………………………6

Certificate of Compliance….…………………………………7

# INDEX OF AUTHORITIES

CASES:                                                                                         Page

*Jackson v. Virginia*, 443 U.S. 307; 99 S.Ct. 2781. . …………….…………………..5

*Smith v. State*, 355 S.W.3d 138(Tex.App-Houston [1st Dist.] 2011, pet.ref'd) . . . .5

*Zuliani v. State*, 97 S.W.3d 589 (Tex.Crim.App.2003)…………………………. .4


STATUTES AND RULES:

Texas Penal Code Ann.   §9.31 (a). . . . . . . . . . . . . . …..…………………… . . . 4

CASE NO. 12-15-00224-CR

IN THE

TWELFTH COURT OF APPEALS

TYLER, TEXAS

_____

FREDRICK HARRIS STRALOW, Appellant
vs.
THE STATE OF TEXAS, Appellee

_____

On Appeal from the
County Court at Law No. 2
Henderson County, Texas

(Trial Court Case Number: 2014-0626CL2)

Honorable Nancy Adams Perryman, Judge Presiding

---

AMENDED BRIEF OF APPELLANT

---

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

COMES NOW FREDRICK HARRIS STRALOW, hereinafter

sometimes referred to as Appellant, and submits this his Amended Brief on Appeal

in the above entitled and numbered Cause, pursuant to the provisions of the Texas

Rules of Appellate Procedure. Appellant hereby waives oral argument.

1

## STATEMENT OF THE CASE

On October 1, 2014, Mr. Fredrick Harris Stralow, hereinafter sometimes referred to as Appellant, was charged by Complaint and Information with Assault Causing Bodily Injury to a Family Member (CR 1:1-2). On May 11, 2015, a jury found Appellant guilty as charged in the Information (CR 1:38). On July 22, 2015 the Court sentenced Appellant to three hundred sixty five (365) days confinement in the Henderson County Justice Center probated for twenty four (24) months community supervision, with special conditions of twenty (20) days in jail to be completed on weekends (CR 1:44-48). Appellant filed his Notice of Appeal on August 27, 2015 (CR 1:68).

## STATEMENT OF JURISDICTION

Therefore, the Twelfth Court of Appeals holds jurisdiction.

---

*Note:* For purposes of this Appeal Brief, all references to the Clerk's Record will be noted as "CR," followed by the volume number and page number. References to the Reporter's Record will be noted as "RR," followed by the volume number, page number and line as necessary. Any emphasis added by this writer will be noted as same immediately following the word or phrase emphasized by italics. Where two or more points of error involve the same facts, they will be combined and argued together as permitted by the Texas Rules of Appellate Procedure.

---

ISSUES PRESENTED

POINT OF ERROR:

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO REJECT APPELLANT'S SELF-DEFENSE PLEA AND SUPPORT THE JURY'S FINDING OF GUILT.

STATEMENT OF FACTS

Fredrick Harris Stralow was convicted of Assault Causing Bodily Injury to a Family Member in a trial by jury involving an altercation with his 24 year old sister, Stephanie Nicole Duggan. Appellant, Mr. Stralow, plead self-defense against Ms. Duggan's aggression against him. Ms. Duggan testified she yelled and cursed at Mr. Stralow for bringing to her attention the mess her eleven month old child had caused. She further testified that her actions escalated the situation when she pushed Mr. Stralow with her hands around his neck. Mr. Stralow testified the choke was hard enough to make him stop breathing and at this point he struck her in self-defense. The State did not provide the jury with any evidence to disprove Appellant's self-defense plea.

POINT OF ERROR (Restated):

THE EVIDENCE IS LEGALLY AND FACTUALLY INSUFFICIENT TO REJECT APPELLANT'S SELF-DEFENSE PLEA AND SUPPORT THE JURY'S FINDING OF GUILT.

SUMMARY OF THE ARGUMENT

The evidence presented at trial was factually and legally insufficient for a

3

jury to find beyond a reasonable doubt that Appellant was guilty. Appellant contends that the evidence the State presented at trial was insufficient to support the jury's rejection of his self-defense claim.

ARGUMENT AND AUTHORITY

Appellant argues that the evidence at trial showed that he was justified in defending himself when Ms. Stephanie Duggan choked him on October 1, 2014. Tex. Penal Code Ann. § 9.31 (a) states in part, "A person is justified in using force against another when and to the degree the actor reasonable believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force." Appellant met his burden to produce evidence in support of his claim of self-defense by the following testimony: Ms. Stephanie Duggan testified that she escalated the argument when she yelled and cursed at Appellant (RR 2:66) and put her hands on his throat and pushed him (RR 2:83). Appellant testified that Ms. Duggan choked him so hard that it hurt and it was hard enough to make him stop breathing (RR 2:125). Appellant admitted that when Ms. Duggan grabbed him by the throat with both hands, he at that time reached over and hit her one time (RR 2:116). The State failed to provide the jury with controverting evidence to dispute Appellant's self-defense. In *Zuliani v. State*, 97 S.W.3d 589 (Tex.Crim.App.2003), Defendant Zuliani was convicted of a misdemeanor assault

4

causing bodily injury and Zuliani plead self-defense.  The facts are identical to Appellant's, *i.e.* an argument escalated into a physical confrontation.  The Court of Appeals affirmed the Trial Court's finding of guilt. However, the Court of Criminal Appeals reversed and remanded the case for review based on the lack of the State's evidence to support the jury's rejection of Appellant's self-defense plea. *Smith v. State*, 355 S.W.3d 138 (Tex.App-Houston [1st Dist.] 2011, pet.ref'd) holds that the State carries the burden of persuasion to disprove self-defense beyond a reasonable doubt and the review of challenge to the sufficiency of the evidence supporting a jury's rejection of a claim of self-defense should only be under the Jackson standard.

*Jackson v. Virginia*, 443 U.S. 307; 99 S.Ct. 2781, is the holding case and the final test for establishing the legal sufficiency of the evidence and the burden is on the State to prove each element of the criminal offense.  Appellant argues that the evidence is legally insufficient to disprove his plea of self-defense.  The only evidence that the State presented to the jury for consideration in Appellant's self-defense plea was in the State's final argument: "Y'all saw the injuries.  Y'all saw Stephanie.  No red marks on him.  Oh, she choked me so hard I couldn't breathe.  Bull."  (RR 2:151;L 16-18)

Accordingly, this case should be remanded.

5

PRAYER

WHEREFORE, PREMISES CONSIDERED, Appellant respectfully prays this Honorable Court hold that the evidence was insufficient for the jury to find Appellant guilty and reject his self-defense plea. Appellant prays that this case be remanded to the Henderson County Court at Law #2.

Respectfully Submitted,

ALTIER LAW OFFICES
1527 E. Fifth St.
Tyler, Texas 75701
Tel: 903-595-4232
Fax: 903-595-0031
altierlaw@gmail.com

By:  /s/ *Linda A. Altier*
TSBN: 00783541
Attorney for Appellant
Fredrick Harris Stralow

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Amended Appellant's Brief has been served on Barry L. Spencer, Attorney for the State, Henderson County Assistant County Attorney, 100 E. Tyler St., Room 100, Athens, Texas, by e-mail to barryspencer@co.henderson.tx.us , on October 31, 2015.

*/s/ Linda A. Altier*

6

## CERTIFICATE OF COMPLIANCE

In compliance with TRAP 9.4(i), the undersigned hereby certifies that the number of words contained in the above Amended Brief of Appellant are 694; excluding caption, identity of parties and counsel, statement regarding oral argument, table of contents, index of authorities, statement of the case, statement of issues presented, statement of jurisdiction, signature, proof of service, certification, and certificate of compliance.

/s/   *Linda A. Altier*